UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARYN RENEE ELLIOTT,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No.  2:15-cv-0312 AC<br><br><br><br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f.[1]  For the reasons that follow, plaintiff's motion for summary judgment will be granted, and defendant's cross-

---

[1]  DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).  SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

1 motion for summary judgment will be denied. The matter will be remanded to the Commissioner
2 for further proceedings.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on February 1, 2012 and protectively[2] filed for SSI on that date. Administrative Record ("AR") 17 (Decision).[3] The disability onset date for both was alleged to be August 1, 2011. Id. The applications were disapproved initially and on reconsideration. Id. On April 16, 2013, ALJ Dante M. Alegre presided over the hearing on plaintiff's challenge to the disapprovals. AR 33-62 (transcript). Plaintiff, who appeared without representation, was present and testified at the hearing. See AR 35-39 (discussion of plaintiff's right to representation). Jim Van Eck, a vocational expert, also testified at the hearing.

On May 13, 2013, the ALJ issued a mixed decision, finding plaintiff "not disabled" prior to April 16, 2013, but "disabled" since then, under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 17-27 (decision), 28-32 (exhibit list). On December 12, 2014, after receiving a "Representative Brief" as an additional exhibit to be made a part of the administrative record, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision and additional exhibit list).

Plaintiff filed this action on February 6, 2015. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 9. The

---

[2] The official filing date was February 14, 2012. AR 175  The "protective" filing date is the date an applicant first lets the Commissioner know that she intends to apply for SSI benefits – a date occurring before the official filing date – so long as certain specified conditions are met. See 20 C.F.R. §§ 416.340 (written statement) & 416.345 (oral inquiry); see, Wright v. Sullivan, 900 F.2d 675, 684 (3rd Cir. 1990) ("[t]he regulations provide that a written application for supplemental security income benefits will be retroactively dated to that of an earlier oral inquiry"); Reyes v. Colvin, 2015 WL 337483, at *1 (S.D.N.Y. 2015) ("If certain criteria are met, a claimant may establish an application date on the date the Social Security Administration receives a written statement of intent to file for benefits or an oral inquiry about benefits. This process is referred to as protective filing.").

[3] The AR is electronically filed at ECF Nos. 11-3 to 11-12 (AR 1 to AR 678). The paper version is filed with the Clerk of the Court. ECF No. 11.

parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 12 (plaintiff's summary judgment motion), 15 (Commissioner's summary judgment motion), 16 (plaintiff's reply).

## II.  FACTUAL BACKGROUND

Plaintiff was born on July 25, 1963, and accordingly was, at age 48, a "younger" person ("under age 50") under the regulations, when she filed her applications.[4] AR 26, 175 (Exh. 2D, DIB application), 182 (Exh. 3D, SSI application). However, on April 16, 2013, plaintiff was three months away from being a "[p]erson closely approaching advanced age" (50-54 years old). Using the flexibility built in to the age categories, the ALJ considered plaintiff to be a person "closely approaching advanced age" as of April 16, 2013. AR 25. Plaintiff has at least a high school education, and can communicate in English. AR 25.

## III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS,

---

[4] See 20 C.F.R. §§ 404.1563(c) ("Younger person"), 416.963(c) (same).

846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. SSA, 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled."  42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI).  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . . .'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

4

>  Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

>  Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

>  Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

>  Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

>  Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

>  1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.
>
>  2. [Step 1] The claimant has not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
>  3. [Step 2] Since the alleged onset date of disability, August 1, 2011, the claimant has had the following severe impairments: Degenerative disc disease of the lumbar spine, major depressive disorder, and anxiety (20 CFR 404.1520(c) and

5

416.920(c)).

4. [Step 3] Since the alleged onset date of disability, August 1, 2011, the claimant has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that since August 1, 2011, the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can carry 10 pounds occasionally and 10 pounds frequently. She can stand and walk for 4 hours in an 8-hour workday. She can sit for 6 hours. Mentally, she is limited to performing simple repetitive tasks. She can perform low production work. She can have occasional contact with coworkers and the public. She can have few changes in the workplace. She can occasionally climb, stoop, crouch, crawl, balance, and kneel.

6. [Step 4] Since August 1, 2011, the claimant has been unable to perform any past relevant work (performed in the last 15 years, performed long enough to learn the work, and performed as substantial gainful activity) (20 CFR 404.1565 and 416.965).

7. [Step 5] Prior to the established disability onset date, the claimant was a younger individual age 45-49. On April 16, 2013, the claimant's age category changed to an individual closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. [Step 5, continued] Prior to April 16, 2013, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills. Beginning on April 16, 2013, the claimant has not been able to transfer job skills to other occupations (See SSR 82-41 and 20 CF'R Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Prior to April 16, 2013, the date the claimant's age category changed, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. [Step 5, continued] Beginning on April 16, 2013, the date the claimant's age category changed, considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant could perform (20 CF'R 404.1560(c), 404.1566, 416.960(c), and 416.966).

12. The claimant was not disabled prior to April 16, 2013, but became disabled on that date and has continued to be disabled through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

13. The undersigned finds that the claimant's history of alcohol abuse is not a

6

factor material to this decision. She testified to being in remission and attending AA meetings. Absent the history of alcoholism, she has physical and mental disabling impairments, as of April 16, 2013 (SSR 13-2p).

AR 19-27.

As noted, the ALJ concluded that plaintiff "not disabled" prior to April 16, 2013, but "disabled" since then, under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 27.

## VI.  ANALYSIS

Plaintiff alleges that the ALJ impermissibly rejected the examining physician opinion of Donna Defreitas, M.D.

### A.  Donna Defreitas, M.D., Examining Physician

On May 22, 2012, Donna Defreitas, M.D., reviewed plaintiff's medical records, and conducted a "comprehensive internal medicine evaluation" of plaintiff. AR 530-34 (Exh. 9F). The reviewed medical records included records from Kaiser Foundation Hospital regarding plaintiff's January 18, 2011 visit. AR 415-39 (Exh. 4F). Dr. Defreitas also reviewed the February 24, 2011 medical records from Kaiser, which included an MRI of plaintiff's "Lumbosacral Spine" (AR 442-46, Exh. 4F).

Dr. Defreitas's diagnoses of plaintiff were (1) "Lumbago with signs of disk herniation, positive straight leg raise, limited range of motion and pain with palpation, which is moderate to severe," and (2) "Hip arthritis with pain over her right hip, decreased range of motion and moderate loss of strength." AR 533. Dr. Defreitas's functional assessment was that plaintiff's "[m]aximum standing and walking capacity is up to two hours." Id. That limitation was "secondary to the lumbago and hip arthritis." Id. Dr. Defreitas also opined that plaintiff's "[m]aximum sitting capacity is up to four hours." Id. That limitation was also "secondary to the lumbago and the hip arthritis." Id. Dr. Defreitas stated that plaintiff "would benefit from the use of a cane for all areas as her gait is unsteady." Id.

The ALJ stated that he accorded "[g]reat evidentiary weight" to Dr. Defreitas's opinion. AR 24. Nevertheless, the ALJ rejected Dr. Defreitas's opinion that plaintiff could only stand and walk for 2 hours, and sit for 4 hours during a workday. Instead, in his residual functional capacity

("RFC") determination, the ALJ concluded that plaintiff could stand and walk for 4 hours, and sit for 6 hours in a workday. AR 21. In so concluding, the ALJ appears to have adopted, or given greater weight, to the contrary opinions of the State agency physician and another examining physician. See AR 107 (Exh. 5A) (non-examining Dr. S. Amon on reconsideration: stand and walk for 4 hours; sit for 6 hours), 126 (Exh. 6A) (same), 610 (examining Dr. J. Martin: stand and walk for 4 hours; "no limitations for sitting").

"The general rule is that conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). However, when the ALJ resolves conflicts by rejecting the opinion of an examining physician in favor of the conflicting opinion of another physician (including another examining physician), he must give "specific and legitimate reasons" for doing so:

> Even if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record.

Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1298-99 (9th Cir. 1999) (ALJ erred in the manner of rejecting the opinion of one examining psychologist in favor of another examining psychologist).

Here, the ALJ gave no reason for rejecting Dr. Defreitas's opinion. To the contrary, he gave a reason for adopting that opinion, namely, he assigned it great weight. AR 24. On appeal, the Commissioner offers several reasons the ALJ could have had for rejecting Dr. Defreitas's opinion, in whole or in part. See ECF No. 15 at 7-9. However, none of those reasons were offered by the ALJ. As noted above, this court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630.

The ALJ did state that his RFC "is supported by the State agency determinations (Exhibits 1A-2A, 5A-6A), the objective medical evidence of record, and the claimant's presentation at hearing." AR 24. If these were the ALJ's reasons for rejecting the examining doctor's opinions, he committed legal error in relying on them:

> "the report of [a] non-treating, non-examining physician, combined with the ALJ's own observance of [the] claimant's demeanor at the hearing" did not constitute "substantial evidence" and, therefore, did not support the Commissioner's decision to reject the examining physician's opinion that the claimant was disabled.

Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996) (quoting Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984)). The ALJ's inclusion of the "objective medical evidence of record" language adds nothing here, as Dr. Defreitas, the examining physician whose report the ALJ rejected, specifically relied on the same MRI test that the State agency doctors relied upon. The Commissioner offers no explanation for why the ALJ gave the non-examining doctors' conclusions regarding that evidence greater weight than the examining doctor's conclusion. Cf. Orn, 495 F.3d at 632 ("When an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence'").

In any event, in arguing that the ALJ had sufficient evidence to conclude that plaintiff was not disabled, the Commissioner fails to address the *entire* record that the ALJ was required to address. "However, a reviewing court must review the record as a whole and consider adverse as well as supporting evidence, . . . [and] may not affirm simply by isolating a specific quantum of supporting evidence." Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Most notably, the Commissioner omits any mention of plaintiff's testimony that "[t]here's no way I can sit for six hours a day." See AR 55. The ALJ rejected that testimony by including an ability to sit for six hours a day in plaintiff's RFC. AR 21. In the absence of any evidence of malingering by plaintiff, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). While the ALJ discusses plaintiff's treatment history, hospitalizations and an x-ray, the decision does not indicate that these are the reasons the ALJ rejected plaintiff's testimony. See AR 22-23.

### B. Remand for Benefits or for Further Proceedings

As discussed above, the ALJ erred in rejecting Dr. Freitas's opinion. That error was not harmless, because that doctor's opinion directly conflicts with the ALJ's RFC finding and his

finding of non-disability. Indeed, if Dr. Freitas's opinion were credited as true, the ALJ would be required to find her disabled. At the hearing, the Vocation Expert testified that there would be "no jobs" available for plaintiff if she could stand and walk for only two hours, and sit for no more than four hours. AR 57. Those are exactly the limitations included in Dr. Freitas's opinion.[5]

Accordingly, the court is authorized "to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014). "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

> More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Benecke, 379 F.3d at 593 (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000)).

1. Outstanding issues

Under the second step in the remand analysis, the court must "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and 'all essential factual issues have been resolved.'" Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2016) (quoting Treichler, 775 F.3d at 1101). This step is not satisfied here.

This is not a case where the ALJ expressly rejected the examining physician's opinion,

---

[5] Even without the testimony of a vocational expert, it is clear that plaintiff is not even able to do "sedentary" work, if Dr. Freitas's opinion were credited as true. See "Titles II & XVI: Determining Capability to Do Other Work – the Med.-Vocational Rules of Appendix 2," SSR 83-10 (S.S.A. 1983) (sedentary work requires standing up to "2 hours of an 8-hour workday," and sitting "approximately 6 hours of an 8-hour workday")

10

1  and gave reasons for doing so that were legally insufficient. Here, the ALJ purported to give

2  "great weight" to the opinion, but then inexplicably rejected it. It is up to the ALJ in the first

3  instance to consider this opinion and if rejecting it – in whole or in part – to explain why it is

4  being rejected, especially where, as here, if the opinion were credited as true, the plaintiff would

5  be found to be disabled. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision

6  on disability rests with the ALJ and the Commissioner of the Social Security Administration in

7  the first instance, not with a district court").

8          2. Discretion

9      Even if all the steps set out in Benecke and Harman had been satisfied, this court would

10  still need to exercise its discretion in determining whether to remand for further proceedings, or

11  for the immediate calculation and award of benefits. Dominguez, 808 F.3d at 407 (if disability

12  finding would necessarily follow if discredited evidence were credited as true, "the district court

13  may exercise its discretion to remand the case for an award of benefits"). If, despite satisfying the

14  above steps, the "record as a whole creates serious doubt as to whether the claimant is, in fact,

15  disabled within the meaning of the Social Security Act," the court should remand for further

16  proceedings. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014) (quoting Garrison v. Colvin,

17  759 F.3d 995, 1021 (9th Cir. 2014)). However, the court would be "abus[ing] its discretion by

18  remanding for further proceedings where the credit-as-true rule is satisfied and the record

19  afforded no reason to believe that [the plaintiff] is not, in fact, disabled." Garrison, 759 F.3d

20  at 1021.

21      Here, the record is not clear that plaintiff is disabled within the meaning of the Act.

22  Although there is an examining doctor's opinion that, if credited as true, would leave no doubt

23  that plaintiff is disabled, the court does not know why the ALJ rejected it. Meanwhile, another

24  examining physician – who did not review any clinical records – offered an opinion that

25  contradicted Dr. Freitas's opinion, by permitting plaintiff to sit for an "unlimited" period.

26  AR 609-10 (Exh. 14F). The State agency physician did rely on the same clinical records that Dr.

27  Freitas relied upon, and offered an opinion that also contradicted Dr. Freitas's opinion. AR 126.

28  Without knowing why the ALJ rejected Dr. Freitas's opinion, the court cannot be confident that

its opinion on plaintiff's limitations is correct. Accordingly, this matter will be remanded for the ALJ to make that determination.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 15), is DENIED;

3. This matter is REMANDED to the Commissioner for further proceedings consistent with this opinion; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: March 28, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE